### John F. MELLOR et al.

v.

### Daniel E. BERUBE.

No. 95–350–Appeal.

Supreme Court of Rhode Island.

Nov. 21, 1996.

Alfred Factor, Cranston, Robert Flaherty, Warwick, Robyn K. Factor.

Anthony Muri, Providence.

### ORDER

This case came before the Supreme Court for oral argument on November 8, 1996, pursuant to an order that directed the parties to show cause why the appeal in this breach of contract case should not be summarily decided. The defendant, Daniel E. Berube, has appealed an order that granted the motion

for a new trial made by the plaintiffs, John F. and Nancy K. Mellor, following a jury award to the defendant.

After hearing the arguments of counsel and after reviewing the memoranda submitted by the parties, this Court concludes that cause has not been shown and, therefore, the appeal will be decided at this time.

In 1988, plaintiffs, who wished to purchase a home, saw an advertisement for a partially completed home for sale on Fletcher Road in North Kingstown, Rhode Island, and subsequently entered into a purchase and sale agreement with defendant, a developer and realtor, to purchase the home for $589,000. During construction the plaintiffs requested that certain modifications be made, and the sale price was increased to $625,000. Eventually a dispute arose between the parties regarding the nature of their agreement. The plaintiffs filed a breach of contract action against defendant on the ground that defendant failed to convey the property to them at the stated price of $625,000 and sought the return of the money they had given defendant. The defendant filed a counterclaim for breach of contract. The defendant alleged that the parties never agreed on the new price of $625,000. Instead, defendant claimed that all additional work was to be priced on a cost-plus basis and added to the original price of $589,000. The defendant's counterclaim sought damages in the amount of $230,000.

A jury trial was held on various dates from September 12 to 22, 1994. The jury returned a verdict for the defendant on plaintiffs' breach of contract action. The jury found for the defendant on his counterclaim and awarded him $175,000 in damages. On October 7, 1994, a hearing was held on plaintiffs' motion for a new trial. On October 21, 1994, the trial justice granted plaintiffs' motion for a new trial and defendant appealed.

The standard applied by a trial justice in considering a motion for a new trial is well settled. In *Izen v. Winoker*, 589 A.2d 824, 828–29 (R.I.1991) this court stated:

"On the motion for new trial the trial justice must evaluate the evidence in light of his or her charge to the jury and exercise his or her independent judgment regarding the weight of the evidence and the credibility of the witnesses. In so doing, he or she assumes the role of a super juror and, having done so, should set the verdict aside when in his or her judgment it is clearly wrong because it fails to respond truly to the merits of the controversy, fails to administer substantial justice, and is against the fair weight of the evidence. By the same token the trial justice should allow the verdict to stand if the evidence is evenly balanced or is such that different minds could fairly come to different conclusions."

In reviewing a trial justice's decision on a motion for new trial, "his or her decision will be accorded great weight and will only be disturbed if it can be shown that the trial justice overlooked or misconceived material and relevant evidence or was otherwise clearly wrong." *Izen,* 589 A.2d at 829.

Here, the trial justice evaluated the evidence and concluded that the plaintiffs had a clear right to have the $625,000 contract performed with the extras they claimed were included. The trial justice noted that defendant's contention that the $625,000 contract was not really an agreement was without "evidentiary foundation," and in rendering her decision, recognized that "the mere fact that my opinion or assessment does differ is certainly insufficient reason to upset a verdict." The trial justice concluded, however, that allowing the judgment to stand "would result in a manifest injustice." On the basis of the evidence in the record, we are of the opinion that the trial justice applied the proper standard of review in granting the motion for a new trial.

Consequently, we deny and dismiss the appeal, affirm the order of the Superior Court to which we return the papers in the case for a new trial.